HERBERT A. WINCH, RESPONDENT, v. PERCY H. JOHNSON, APPELLANT.

Submitted March 25, 1918—Decided June 17, 1918.

Where an automobile at an intersecting street, collided with a motorcycle, coming in an opposite direction, the fact that the automobile failed to observe the provisions of the Traffic act (*Pamph. L.* 1915, *ch.* 156), does not *per se* present the basis for the direction of a verdict, against the defendant, such fact being but one factor in the situation, which considered as a whole presents a jury question, as to the defendant's negligence under all the circumstances.

---

On appeal from the Essex County Circuit Court.

For the respondent, *Herbert Clark Gilson.*

For the appellant, *Kalisch & Kalisch.*

The opinion of the court was delivered by

MINTURN, J. The plaintiff, while riding upon the rear seat of a motorcycle, operated by another, was run into and injured by an automobile, driven by defendant, on Park avenue, at the intersection of Summer avenue, in the city of Newark, coming in an opposite direction.

The collision, it is alleged, arose out of the fact that the defendant was in the act of turning to the left into Summer avenue, contrary to the provisions, *inter alia,* of subdivision

6, section 2 of chapter 156 of the laws of 1915, commonly designated the "Traffic act," which provides that "a vehicle turning into another road to the left, shall before turning, pass when possible, to the right of and beyond the centre of the intersection of the two roads." This the defendant palpably failed to do, and his failure in that respect was made *ratio decidendi* for the direction of a verdict against him by the learned trial court.

The reason underlying this direction manifestly was that this violation, regardless of other concurring or contributing factors, incident to the collision, dominated the situation, and characterized the defendant's act *per se,* as the sole act of tortfeasance.

It will be observed that the section in question is not intended to supply a rigid invariable rule of conduct, but one to be applied, "when possible," *cæteris paribus,* to ordinary road conditions. If extraordinary conditions exist at an intersection, making its practical application obviously dangerous or unwise to a reasonably prudent man, this legislative proviso is intended to vest in the driver reasonable discretion in order to avoid accident to himself and to others.

The manifest purpose of the legislation being the avoidance of danger and collision upon the highway, its application in any instance must co-ordinate with the rule of reason, which at common law vests an exercise of discretion for care and foresight in the wayfarer, consistent with the exercise of a like discretion in others in the lawful use of the highway. To adopt a construction which would militate against this common law rule, would necessitate a construction as unplastic in its operation as the laws of the Medes and Persians, and which might by its potent mandate and active instrumentality evolve, in many cases, the very dangers which the legislature intended to obviate. The question, therefore, was one for the jury, under the familiar rule whether, under all the circumstances, including the failure to observe the provisions of the Traffic act, the accident arose by reason of the defendant's negligence, and whether the plaintiff by reason of any act of his was a proximate and contributing factor to

the result, so far as the latter doctrine can be applicable in this instance, in view of the plaintiff's status as a passenger.

Since the only inquiry before us is the legal propriety of the court's direction in this respect, the construction we have thus put upon the act renders further consideration unnecessary, except to remark that cases in this court not unlike in principle the case at bar are *Evers* v. *Davis, 86 N. J. L.* 196; *State* v. *Schutte,* 88 *Id.* 396; *Pool* v. *Brown,* 89 *Id.* 314; *Erwin* v. *Traud,* 90 *Id.* 289; *Chiapparine* v. *Public Service Railway Co.,* 91 *Id.* 581; *Horwitz* v. *Guttheil,* 102 *Atl. Rep.* 930.

The judgment below will be reversed and a *venire de novo* is ordered.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, White, Heppenheimer, Williams, Taylor, Gardner, JJ. 14.